UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **ANDREW BROOCKMANN**, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**THE BANK OF GREENE COUNTY**,<br>Defendant. | Case No. 1:22-cv-00390-AMN-ATB |

**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

WHEREAS, Plaintiff in the above-captioned class action has applied for an order, pursuant to Federal Rule of Civil Procedure 23, preliminarily approving the Settlement Agreement ("Agreement") and Releases entered into between Plaintiff, individually and on behalf of the proposed settlement Class, and Defendant Bank of Greene County ("BGC"), and this Court having reviewed the Agreement as submitted to the Court with the Unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion for Preliminary Approval") (Dkt. No. 24);

WHEREAS, this Preliminary Approval Order incorporates the Agreement, and its exhibits, and the terms used herein shall have the meaning and/or definitions given to them in the Agreement, as submitted to the Court with the Motion for Preliminary Approval.

NOW, THEREFORE, pursuant to Federal Rule of Civil Procedure ("Rule") 23(e), upon the agreement of the Parties, and after consideration of the Agreement and its exhibits,

IT IS HEREBY ORDERED as follows:

1. The Court finds that the Agreement proposed by the Parties likely meets the considerations set forth in the amended Rule 23(e), as well as the factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), and as a result is fair, reasonable, and adequate

and likely to be approved at a final approval hearing such that giving notice is justified. The representations, agreements, terms, and conditions of the Settlement, as embodied in the Agreement and the exhibits attached thereto, are preliminarily approved pending a final hearing on the Settlement as provided herein.

2. The Settlement was negotiated with the assistance of neutral Mediator Hon. Edward Infante (Ret.), and appears to be the result of extensive, arm's length negotiations between the Parties after Class Counsel and BGC's Counsel had investigated the claims, obtained meaningful discovery, sufficiently litigated the claims, and become familiar with the strengths and weaknesses of the claims. The Settlement appears not to be collusive, has no obvious defects, and falls within the range of reasonableness.

3. The Court finds that it will likely certify at the final approval stage the settlement Class, for purposes of the Settlement only, consisting of:

> Those checking account customers of The Bank of Greene County who, from April 26, 2016, to the date of the Court's preliminary approval order, while residing in the United States, paid an overdraft fee on a transaction that The Bank of Greene County determined was authorized into a positive available balance, and for whom that overdraft fee was not refunded.

4. The Court finds that this settlement Class likely meets the relevant requirements of Rule 23(a) and (b)(3) in that: (a) the number of settlement Class members is so numerous that joinder is impracticable; (b) there are questions of law and fact common to the settlement Class members; (c) the claims of the Named Plaintiff are typical of the claims of the settlement Class members; (d) the Named Plaintiff is an adequate representative for the settlement Class, and has retained experienced counsel to represent him; (e) the questions of law and fact common to the settlement Class members predominate over any questions affecting any individual settlement Class member; and (f) a class action is superior to the other available methods for the fair and

efficient adjudication of the controversy. The Court therefore preliminarily certifies the proposed settlement Class.

5. For purposes of the Settlement only, the Court finds and determines that it will likely find at the final approval stage, pursuant to Rule 23(a)(1), that Plaintiff Andrew Broockmann will fairly and adequately represent the interests of the settlement Class in enforcing their rights in the Action, and therefore appoints him as the Named Plaintiff.

6. For purposes of the Settlement only, and pursuant to Rule 23(a)(1), the Court appoints the following as Class Counsel to act on behalf of the settlement Class and the Named Plaintiff with respect to the Settlement:

| | |
|---|---|
| Jeffrey D. Kaliel | Sophia Goren Gold |
| KALIELGOLD PLLC | KALIELGOLD PLLC |
| 1100 15th Street NW, 4th Floor | 950 Gilman Street, Suite 200 |
| Washington, D.C. 20005 | Berkeley, CA 94710 |
| jkaliel@kalielpllc.com | sgold@kalielgold.com |

7. Epiq Class Action and Claims Solutions, Inc. is appointed as Claims Administrator and shall administer the Notice program. The Claims Administrator shall abide by the terms and conditions of the Agreement that pertain to the Claims Administrator.

8. Pursuant to the 2018 amendment to Rule 23(e), the terms of the Agreement (and the Settlement provided for therein) are preliminarily approved and likely to be approved at the Final Approval Hearing because:

>  (A) the class representatives and class counsel have adequately represented the class;
>  (B) the proposal was negotiated at arm's length;
>  (C) the relief provided for the classes is adequate, taking into account:
>      (i) the costs, risks, and delay of trial and appeal;
>      (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims, if required;
>      (iii) the terms of any proposed award of attorneys' fees, including

        timing of payment; and
            (iv) any agreement required to be identified under Rule 23(e)(3); and
        (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

        9.      Having reviewed the proposed Notice program, including the proposed Postcard Notice, Email Notice, and Long Form Notice submitted by the Parties as Exhibit 1 to the Agreement, the Court approves, as to form and content, such Notices for the purpose of notifying the settlement Class as to the proposed Settlement, the Final Approval Hearing, and the rights of the members of the settlement Class.  Those Notices contain all of the essential elements necessary to satisfy the requirements of federal law, including the Federal Rules of Civil Procedure and federal and state due process provisions, including the class definition, the identities of the Parties and their counsel, a summary of the terms of the proposed Settlement, information regarding the manner in which objections may be submitted, information regarding opt-out procedures and deadlines, and the date and location of the Final Approval Hearing.  Not all settlement Class members will receive all forms of Notice, as detailed in the Agreement.

        10.     The Court directs the Claims Administrator to cause a copy of the Email Notice or Postcard Notice to be sent to all settlement Class members in accordance with the Notice program. The Notice program shall be completed no later than 30 days after this Preliminary Approval Order.

        11.     The Email Notice, Postcard Notice, and Long Form Notice shall be updated by the Claims Administrator to include the Final Approval Hearing date and time as set forth below.  The Court finds and determines Email Notice and Postcard Notice pursuant to this Order constitutes the best notice practicable under the circumstances, constitutes due and sufficient notice of the matters set forth in the notices to all persons entitled to receive such notices, and fully satisfies the

requirements of due process, the Federal Rules of Civil Procedure, and all other applicable law and rules.

12. Any person falling within the definition of the settlement Class may, upon request, be excluded or opt-out from the settlement Class. In the event a settlement Class member wishes to be excluded from the Settlement and not to be bound by this Agreement, that person must sign and mail a notice of intention to opt-out of the Settlement to the Claims Administrator. The notice must be postmarked on or before the last day of the Opt-Out Period and must include the name of this Action; the Account Holder's name, address, telephone number, and email address; the last four digits of the account number of the BGC Account(s); and a clear request that the individual would like to opt-out or be excluded, by use of those or other words clearly indicating a desire to no longer participate in the Settlement. Any member of the settlement Class who timely and properly requests exclusion in compliance with these requirements will thereafter be excluded from the settlement Class, will not become a settlement Class Member, will not have any rights under the Settlement, will not be entitled to receive a settlement Class Member Payment, and will not be bound by the Agreement or the Final Approval Order. Any members of the settlement Class who fail to submit a valid and timely opt-out request shall be bound by all terms of the Agreement and the Final Approval Order, regardless of whether they have requested to be opted-out from the Settlement. If an Account has more than one Account Holder, and if one Account Holder excludes himself or herself from the settlement Class, then all Account Holders on that account shall be deemed to have opted-out of the Settlement with respect to that Account, and no Account Holder shall be entitled to a payment under the Settlement.

13. Any settlement Class Member who wishes to object to the Settlement, Class Counsel's application for attorneys' fees and costs, or a Service Award for the Named Plaintiff, or

to appear at the Final Approval Hearing and show cause, if any, why the Settlement should not be approved as fair, reasonable, and adequate to the settlement Class, or why a final judgment should not be entered thereon, may do so, but must proceed as set forth in this paragraph. Only a settlement Class Member may file an objection. No settlement Class Member will be heard on such matters unless they have mailed via U.S. Mail or private courier (e.g., Federal Express) a written objection (together with any briefs, papers, statements, or other materials that the settlement Class Member wishes the Court to consider) to the Claims Administrator on or before the last day of the Opt-Out Period, as set forth in the Notices. Any objection must state: (a) the name of the Action; (b) the objector's full name, address and telephone number; (c) all grounds for the objection, accompanied by any legal support for the objection known to the objector or the objector's counsel; (d) the number of times the objector has objected to a class action settlement in the past five years, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each listed case; (e) all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or Class Counsel's application for attorneys' fees, costs and expenses and for a Service Award for the Named Plaintiff; (f) the number of times in which the objector's counsel and/or counsel's law firm has objected to a class action settlement within the five years preceding the date that the objection is filed, the caption of each case in which counsel or the firm has made such objection, and a copy of any orders related to or ruling upon counsel's or the counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding five years; (g) any and all agreements that relate

to the objection or the process of objecting—whether written or oral—between objector or objector's counsel and any other person or entity; (h) the identity of all counsel (if any) representing the objector who will appear at the Final Approval Hearing; (i) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection; (j) a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing, and (k) the objector's signature (an attorney's signature is not sufficient). The Parties must file any briefs in response to any objection on or before 15 days prior to the date of the Final Approval Hearing. Class Counsel and/or BGC may conduct limited discovery on any objector consistent with the Federal Rules of Civil Procedure.

14. Any settlement Class Member who does not make his or her objections in the manner and by the date set forth above of this Order shall be deemed to have waived any objections and shall be forever barred from raising such objections in this or any other action or proceeding, absent further order of the Court.

15. Prior to the Final Approval Hearing, (i) Class Counsel shall file with the Court and serve on all Parties an affidavit or declaration of the Claims Administrator certifying that the Notice program was completed and providing the name of each settlement Class member who timely and properly requested exclusion from the settlement Class; and (ii) BGC shall file with the Court and serve on all Parties a declaration certifying that notice was provided to the appropriate government entities in accordance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

16. All pretrial proceedings in this Action are stayed and suspended until further order of this Court, except such actions as may be necessary to implement the Agreement and this Preliminary Approval Order.

17. Upon the entry of this Order, the Named Plaintiff and all members of the settlement Class shall be provisionally enjoined and barred from asserting any claims against BGC and the Released Parties arising out of, relating to, or in connection with the Released Claims prior to the Court's decision as to whether to grant Final Approval of the Settlement.

18. This Settlement, and any and all negotiations, statements, documents, and/or proceedings in connection with the Settlement, shall not be construed or deemed to be evidence of an admission or concession by BGC of any liability or wrongdoing by BGC or any of its affiliates, agents, representatives, vendors, or any other person or entity acting on its behalf with respect to the conduct alleged in the Action or that the case was properly brought as a class action, and shall not be construed or deemed to be evidence of an admission or concession that any person suffered compensable harm or is entitled to any relief with respect to the conduct alleged in the Action. BGC may file the Agreement in any action or proceeding that may be brought against it in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

19. In the event that (a) this Court does not grant Final Approval of the Settlement as provided in the Agreement; (b) this Court does not enter the Final Approval Order in all material respects and substantial form as the Final Approval Order submitted by the Parties with the Motion for Final Approval; or (c) the Settlement does not become final for any other reason, the Agreement shall be null and void and any order or judgment entered by this Court in furtherance of the Settlement shall be vacated *nunc pro tunc*. In such a case, the Parties shall proceed in all respects as if the Agreement had not been executed and the Parties shall in no way be prejudiced in proceeding with or defending this Action, the provisional class certification effected herein will

be null and void, and BGC shall have the right to oppose and object, on any and all grounds, to certification of the settlement Class or any other class at any future time.

20. For the benefit of the settlement Class and to protect this Court's jurisdiction, this Court retains continuing jurisdiction over the Settlement proceedings to ensure the effectuation thereof in accordance with the Settlement preliminarily approved herein and the related orders of this Court.

21. Class Counsel and BGC's Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making, without the Court's further approval, minor form or content changes to the Notices they jointly agree are reasonable or necessary.

22. A Final Approval Hearing will be held in the Courtroom of The Honorable Anne M. Nardacci, United States District Court for the Northern District of New York, 445 Broadway, Courtroom 6, Albany, New York 12207 on **October 11, 2023 at 10:00 a.m.**, to determine: (a) whether the Settlement should be approved as fair, reasonable, and adequate to the settlement Class; (b) whether the Final Approval Order should be entered in substance materially the same as the Final Approval Order submitted by the Parties with the Motion for Final Approval; (c) whether to approve Class Counsel's application for attorneys' fees and costs, and for a Service Award for the Named Plaintiff; and (d) any other matters that may properly be brought before the Court in connection with the Settlement.  The Final Approval Hearing is subject to continuation or adjournment by the Court without further notice to the settlement Class.  The Court may approve the Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the settlement Class. The Parties must file all moving papers and briefs in support of

be null and void, and BGC shall have the right to oppose and object, on any and all grounds, to certification of the settlement Class or any other class at any future time.

20. For the benefit of the settlement Class and to protect this Court's jurisdiction, this Court retains continuing jurisdiction over the Settlement proceedings to ensure the effectuation thereof in accordance with the Settlement preliminarily approved herein and the related orders of this Court.

21. Class Counsel and BGC's Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making, without the Court's further approval, minor form or content changes to the Notices they jointly agree are reasonable or necessary.

22. A Final Approval Hearing will be held in the Courtroom of The Honorable Anne M. Nardacci, United States District Court for the Northern District of New York, 445 Broadway, Courtroom 6, Albany, New York 12207 on **October 11, 2023 at 10:00 a.m.**, to determine: (a) whether the Settlement should be approved as fair, reasonable, and adequate to the settlement Class; (b) whether the Final Approval Order should be entered in substance materially the same as the Final Approval Order submitted by the Parties with the Motion for Final Approval; (c) whether to approve Class Counsel's application for attorneys' fees and costs, and for a Service Award for the Named Plaintiff; and (d) any other matters that may properly be brought before the Court in connection with the Settlement.  The Final Approval Hearing is subject to continuation or adjournment by the Court without further notice to the settlement Class.  The Court may approve the Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the settlement Class. The Parties must file all moving papers and briefs in support of

Final Approval, inclusive of Class Counsel's application for attorneys' fees and costs, and for a Service Award for the Named Plaintiff, no later than 45 days before the date set forth herein for the Final Approval Hearing.

23. Any settlement Class Member may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice. If a settlement Class Member does not enter an appearance, he or she will be represented by settlement Class Counsel.

24. The Court hereby sets the following schedule of events:

| Event | Calendar Days Before Final Approval Hearing |
|---|---|
| **Notice program Complete (including Initial Mailed Notice and the Notice Re-Mailing Process)** | **June 26, 2023** (30 days after Prelim. Approval Order) |
| **Motion for Final Approval, Application for Attorneys' Fees, Expenses and Costs, and for a Service Award** | **July 10, 2023** (45 days after Prelim. Approval Order) |
| **Opt-Out Deadline** | **August 24, 2023** (90 days after Prelim. Approval Order) |
| **Deadline to Submit Objections** | **August 24, 2023** (90 days after Prelim. Approval Order) |
| **Deadline to Respond to Objections** | **September 8, 2023** (105 days after Prelim. Approval Order) |
| **Final Approval Hearing** | **October 11, 2023 at 10:00 a.m.** (Approx. 135 days after Prelim. Approval Order) |

**IT IS SO ORDERED.**

**DATED: May 26, 2023**

*[signature]*
Honorable Anne M. Nardacci
UNITED STATES DISTRICT JUDGE

10